UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. NELSON,<br><br>    Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>    Defendants. | No. 2:21-cv-2150 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated his right to free exercise of religion. Presently before the court is plaintiff's motion to in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1). For the reasons set forth below the court will grant the motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

I.   **Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.      Allegations in the Complaint**

Plaintiff states that the events giving rise to the claim occurred while he was incarcerated at Mule Creek State Prison ("MCSP"). (ECF No. 1 at 1.) He has identified the following individuals as defendants in this action: (1) California Department of Corrections and Rehabilitation ("CDCR") Secretary, Kathleen Allison; (2) MCSP warden, Patrick Covello; (3)

////

MCSP correctional captain, Keith Rodgers; (4) MCSP Community Resource Manager, Lance Eshelman; and (5) MCSP protestant chaplain, M. Safonou. (Id. at 1-4.)

Plaintiff alleges that he has been denied the ability to practice his religion, Khemetic Wicca. (Id. at 5.) He states that shortly after May 22, 2021 he was denied the right to attend services with no reason, denied a wiccan sabbat for summer solstice, denied a wiccan sabbat for Lughnasadh. He alleges by denying these things, defendants Allison, Covello, Rodgers, Safonou, and Eshelman interfered with his ability to practice his religion. He requests monetary damages and the ability to practice his religion. (Id. at 8.)

### III. Does Plaintiff State a Claim under § 1983?

#### A. Legal Standard – Free Exercise under the First Amendment

"The right to exercise religion practices and beliefs does not terminate at the prison door," McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam) (citing O'Lone v. Shabazz, 482 U.S. 342 (1987); Bell v. Wolfish, 441 U.S. 520, 545 (1979)), "but a prisoner's right to free exercise of religion 'is necessarily limited by the fact of incarceration.'" Jones v. Williams, 791 F.3d 1023, 1032 (9th Cir. 2015) (quoting Ward v. Walsh, 1 F.3d 873, 876 (9th Cir. 1993).

To state a cognizable Free Exercise claim, an inmate must state facts showing that prison officials substantially burdened the practice of the prisoner's religion without any justification reasonably related to legitimate penological interests. See O'Lone, 482 U.S. at 348-50 (applying the test set forth in Turner v. Safley, 482 U.S. 78 (1987)); Jones v. Williams, 791 F.3d 1023, 1031-33 (9th Cir. 2015); Shakur v. Schriro, 514 F.3d at 884-88. A substantial burden is one which has a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs. Jones, 791 F.3d at 1031.

#### B. Analysis

The allegations in the complaint, namely that prison officials prevented him from participating in religious events without any reason, could potentially state a violation of plaintiff's right to freely exercise his religion. However, as set forth below, the complaint does not contain sufficient facts to state a potentially cognizable claim.

4

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, a supervisor may be held liable under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).

Plaintiff has failed to explain how the individuals identified as defendants were involved in the alleged deprivation of his right to free exercise of religion. Accordingly, the complaint fails to state a claim. In any amended complaint, plaintiff must explain how each of the defendants identified caused the deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). It should also state whether any of the supervisory personnel participated in the violations, directed the violations, or knew of the violations and failed to act to prevent them. Taylor v. List, 880 F.2d 1040, 1049 (9th Cir. 1989).

Additionally, any amended complaint should state facts explaining how the deprivation of inclusion in wiccan meetings and special events interfered with his free exercise rights.

**IV.     Amending the Complaint**

As set forth above, the complaint fails to state a claim. However, plaintiff will be given the opportunity to file an amended complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must

5

contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: January 13, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/nels2150.scrn