1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT
9                         FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   | JAMES D. NELSON,              | No. 2:21-cv-2150 DB P
12   |     Plaintiff,                 |
13   |   v.                           | ORDER
14   | KATHLEEN ALLISON, et al.,      |
15   |     Defendants.                |
16

17   Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983. Plaintiff claims that defendants violated his right to free exercise of religion.

19   Presently before the court is plaintiff's motion for an extension of time (ECF No. 12) and his

20   amended complaint for screening (ECF No. 11). For the reasons set forth below the court will

21   deny the motion for an extension of time as moot and dismiss the amended complaint with leave

22   to amend.

23                     **MOTION FOR AN EXTENSION OF TIME**

24   Plaintiff filed an amended complaint dated January 26, 2022. (ECF No. 11 at 9.) Plaintiff

25   also filed a motion for an extension of time to file an amended complaint dated January 25, 2022.

26   (ECF No. 12 at 1.) Because plaintiff has filed an amended complaint, the court will deny the

27   motion for an extension of time as moot.

28   ////

**SCREENING**

I. **Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff states that the events giving rise to the claim occurred while he was incarcerated at Mule Creek State Prison ("MCSP"). (ECF No. 11 at 1.) He has identified the following individuals as defendants in this action: (1) M. Safanov, protestant chaplain at MCSP; (2) Lance Eshelman, community resource manager at MCSP; (3) Mr. Rodgers, B-yard captain at MCSP; and (4) Howard E. Moseley, associate director of the Office of the Appeals Department at the California Department of Corrections and Rehabilitation ("CDCR"). (Id. at 1-2.)

Plaintiff states Safanov denied him the ability to have his "Wiccan Sabbat for Summer Sol[s]tice on June 21, 2021." (Id. at 3.) On June 17, 2021, Safanov had another chaplain give

William Rouser, an inmate who represents all Khemetic Wiccans at MCSP, a weekly service ducat list. Rouser sent a 30-day request list in advance to Safanov so that the wiccan inmates could attend the summer solstice sabbat. (Id. at 3-4.)

Plaintiff states that when MCSP receives a request for special religious services, the chaplain evaluates the request, makes a recommendation, then forwards the request through the facility captain, community resource manager, and another individual or entity[1] for approval. (Id. at 5.)

On June 21, 2021, MCSP community resource manager Lance Eshelman, and B-yard captain Rodgers denied plaintiff the ability to participate in wiccan sabbat for summer solstice. (Id. at 5, 6.) He further states that because of the decision, he was not allowed to worship his deities for summer solstice. (Id. at 6.) Rouser received "a memo stating why MCSP [facility] did not have to comply with the settlement agreement established in Rouser v. White.[2]" Plaintiff states the terms of the settlement require CDCR will acknowledge the wiccan sabbats and meetings. Plaintiff alleges the request was denied without a genuine penological interest. (Id. at 5.)

Plaintiff states in August 2021, he mailed an appeal to Howard Moseley. (Id. at 7.) The appeal has been pending for over sixty days and he is still awaiting a response.

He seeks enforcement of an injunction obtained by Rouser in Rouser v. White as well as monetary damages. (Id. at 9.)

////

---

[1] Plaintiff identified the "CDW" as one of the parties to whom his request was submitted. The court has endeavored to determine what CDW stands for, but it has not been successful. In any amended complaint plaintiff should indicate what CDW stands for or provide further details identifying this person or entity.

[2] The court presumes plaintiff is referencing the civil rights action filed by William Rouser in 1992 asking California State Prison Sacramento to recognize Wicca as a bona fide religion. Rouser v. White, 825 F.3d 1076, 1078-79 (9th Cir. 2016). The terms of the agreement specifically state that it is not a class action on behalf of all Wiccan inmates in California Department of Corrections and Rehabilitation. See Rouser v. White, No. 2:93-cv-0767 LKK GGH (PC) (E.D. Cal.) ECF No. 528 at 3 ¶ 10. Thus, to the extent plaintiff seeks enforcement of the settlement agreement, he is not entitled to the benefits of an agreement to which he was not a party.

4

**III.    Does Plaintiff State a Claim under § 1983?**

    **A. Legal Standard – Free Exercise under the First Amendment**

"The right to exercise religion practices and beliefs does not terminate at the prison door," McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam) (citing O'Lone v. Shabazz, 482 U.S. 342 (1987); Bell v. Wolfish, 441 U.S. 520, 545 (1979)), "but a prisoner's right to free exercise of religion 'is necessarily limited by the fact of incarceration.'" Jones v. Williams, 791 F.3d 1023, 1032 (9th Cir. 2015) (quoting Ward v. Walsh, 1 F.3d 873, 876 (9th Cir. 1993).

    To state a cognizable Free Exercise claim, an inmate must state facts showing that prison officials substantially burdened the practice of the prisoner's religion without any justification reasonably related to legitimate penological interests.  See O'Lone, 482 U.S. at 348-50 (applying the test set forth in Turner v. Safley, 482 U.S. 78 (1987)); Jones v. Williams, 791 F.3d 1023, 1031-33 (9th Cir. 2015); Shakur v. Schriro, 514 F.3d at 884-88.  A substantial burden is one which has a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs.  Jones, 791 F.3d at 1031.

    **B. Analysis**

    The allegations in the complaint, namely that prison officials prevented him from participating in religious events without any reason, could potentially state a violation of plaintiff's right to freely exercise his religion.  However, as set forth below, the complaint does not contain sufficient facts to state a potentially cognizable claim.

    Plaintiff states that he was denied the ability to have a summer solstice sabbat without a genuine penological interest.  (ECF No. 11 at 3-6.)  However, he has not stated what reason was given by prison officials for denying his request.  In the absence of such information, the court cannot determine whether the complaint states a claim.  Any amended complaint should state when, how and under what circumstances and in what manner he sought and was denied access to the summer solstice sabbat, as well as what reasons, if any, he was given for the denial, and who denied him access.  See Sessing v. Beard, No. 1:13-cv-1684-LJO-MJS (PC), 2015 WL 3604135, at *1 (E.D. Cal. May 29, 2015).

Additionally, the court notes he has named Howard Moseley as a defendant based on his failure to respond to plaintiff's grievance. However, the Ninth Circuit has held that inmates have no protected interest in an inmate grievance procedure arising directly from the Due Process Clause. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific grievance procedure"); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (there is no protected liberty interest to a specific grievance procedure). Thus, plaintiff cannot state a claim against Moseley based on his actions in processing and/or failing to his grievance. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (the administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment . . . Thus, defendants' failure to process any of [plaintiff's] grievances, without more, is not actionable under section 1983.") (internal quotations omitted).

## IV.     Amending the Complaint

As set forth above, the complaint fails to state a claim. However, plaintiff will be given one final opportunity to file an amended complaint. Plaintiff is advised that "repeated failure to cure deficiencies" constitutes "a strong indication that the [party] has not additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 988, 1007 (9th Cir. 2009) (internal quotations omitted).

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must

contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

////

////

////

////

# CONCLUSION

1. Plaintiff's motion for an extension of time to file an amended complaint (ECF No. 12.) is denied as moot.

2. Plaintiff's amended complaint (ECF No. 11) is dismissed with leave to amend.

3. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

4. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  March 9, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/nels2150.scrn2