1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES D. NELSON,                           No.  2:21-cv-2150 DB P

12              Plaintiff,

13        v.                                    ORDER

14   KATHLEEN ALLISON, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims that defendants violated his right to free exercise of religion.

19   Presently before the court is plaintiff's second amended complaint (ECF No. 14) for screening.

20   For the reasons set forth below, the court will give plaintiff the option to proceed with the

21   complaint as screened or file an amended complaint.

22                                   **SCREENING**

23   **I.     Legal Standards**

24        The court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

26   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

27   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

28   ////

                                          1

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

2  U.S.C. § 1915A(b)(1) & (2).

3      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

9  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

10  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

11  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

12  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13      However, in order to survive dismissal for failure to state a claim a complaint must

14  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

15  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

16  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

17  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

18  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

19  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

20      The Civil Rights Act under which this action was filed provides as follows:

21      Every person who, under color of [state law] . . . subjects, or causes
22      to be subjected, any citizen of the United States . . . to the deprivation
        of any rights, privileges, or immunities secured by the Constitution .
        . . shall be liable to the party injured in an action at law, suit in equity,
23      or other proper proceeding for redress.

24  42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at

25  389.  The statute requires that there be an actual connection or link between the

26  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

27  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

28  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

2

1    meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

2    omits to perform an act which he is legally required to do that causes the deprivation of which

3    complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

4         Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

5    their employees under a theory of respondeat superior and, therefore, when a named defendant

6    holds a supervisorial position, the causal link between him and the claimed constitutional

7    violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

8    Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

9    concerning the involvement of official personnel in civil rights violations are not sufficient. See

10   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11   **II.      Allegations in the Complaint**

12        Plaintiff states that the events giving rise to the claim occurred while he was incarcerated

13   at Mule Creek State Prison ("MCSP").  (ECF No. 14 at 1.)  He has identified the following

14   individuals as defendants in this action: (1) MCSP warden, Patrick Covello; (2) MCSP chief

15   deputy warden, Brian Holmes; and (3) MCSP chaplain, M. Safanov.  (Id. at 2.)

16        Plaintiff states that William Rouser, a priest for Khemetic Wiccans, submitted a request

17   for special religious services "on behalf of every Khemetic Wiccan that was on the non-priority

18   ducat list, for the Wiccan Holiday of 'Summer Solstice' to Chaplain M. Safanov" thirty days in

19   advance.  (Id. at 3-4.)  Holmes confirmed MCSP received the non-priority ducat request in a

20   grievance response. (Id. at 4.)

21        Plaintiff alleges that Covello is responsible for the religious program and failed to

22   announce Wiccan group worship to the general prison population on June 21, 2021.  (Id.)

23   Because there was no announcement, members of the Khemetic Wiccan Society were not

24   permitted to assemble for the Holy Day of Summer Solstice.  (Id.)  Plaintiff alleges that he would

25   have been subject to disciplinary action if he had tried to approach the religious grounds because

26   no announcement was made.  Plaintiff alleges that his free exercise rights were violated because

27   of Covello's failure to announce "Wiccan Group Worship to the general population for one of the

28   eight Solar Holy Days."  (Id. at 3.)

3

1      **III.    Does Plaintiff State a Claim under § 1983?**

2              **A.  Legal Standard – Free Exercise under the First Amendment**

3      "The right to exercise religion practices and beliefs does not terminate at the prison door,"

4      McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam) (citing O'Lone v. Shabazz,

5      482 U.S. 342 (1987); Bell v. Wolfish, 441 U.S. 520, 545 (1979)), "but a prisoner's right to free

6      exercise of religion 'is necessarily limited by the fact of incarceration.'" Jones v. Williams, 791

7      F.3d 1023, 1032 (9th Cir. 2015) (quoting Ward v. Walsh, 1 F.3d 873, 876 (9th Cir. 1993).

8              To state a cognizable Free Exercise claim, an inmate must state facts showing that prison

9      officials substantially burdened the practice of the prisoner's religion without any justification

10     reasonably related to legitimate penological interests.  See O'Lone, 482 U.S. at 348-50 (applying

11     the test set forth in Turner v. Safley, 482 U.S. 78 (1987)); Jones v. Williams, 791 F.3d 1023,

12     1031-33 (9th Cir. 2015); Shakur v. Schriro, 514 F.3d at 884-88.  A substantial burden is one

13     which has a tendency to coerce individuals into acting contrary to their religious beliefs or exert

14     substantial pressure on an adherent to modify his behavior and to violate his beliefs.  Jones, 791

15     F.3d at 1031.

16             **B.  Analysis**

17             Plaintiff alleged he was not able to celebrate Summer Solstice because Covello failed to

18     announce Wiccan Group Worship.  (ECF No. 14 at 3.)  Such an allegation is sufficient to state a

19     potentially cognizable claim for violation of his right to freely exercise his religion.  Rouser v.

20     White, 630 F.Supp.2d 1165, 1182 (E.D. Cal. 2009) (finding failure to announce to the inmate

21     population that religious services are about to begin inhibited inmates' free exercise rights).

22     However, the allegations in the complaint as to the other named defendants fail to state a claim.

23             Plaintiff's allegations as to defendant Holmes indicates that his involvement in the events

24     giving rise to the claim are limited to responding to plaintiff's grievance.  (ECF No. 14 at 5-6.)

25     As stated in the prior screening order (ECF No. 13 at 6), allegations that a defendant failed to

26     respond to a grievance are not sufficient to state a claim.  See Ramirez v. Galaza, 334 F.3d 850,

27     860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific grievance

28     procedure").

1    Plaintiff has alleged Safanov supervised Wiccan groups at MCSP.  (ECF No. 14 at 7-9.)

2    Allegation that a defendant is liable based solely on that defendant's position as a supervisor is

3    insufficient to state a cognizable claim.  See Fayle, 607 F.2d at 862 (when a named

4    defendant holds a supervisorial position, the causal link between him and the alleged

5    constitutional violation must be specifically alleged).

6    **IV.    Amending the Complaint**

7    As set forth above, the complaint states a potentially cognizable free exercise claim as

8    Covello, but does not contain any additional cognizable claims.  Accordingly, plaintiff will be

9    given the option to proceed with the complaint as screened or to file an amended complaint.

10    Plaintiff is advised that in an amended complaint he must clearly identify each defendant

11    and the action that defendant took that violated his constitutional rights.  The court is not required

12    to review exhibits to determine what plaintiff's charging allegations are as to each named

13    defendant.  The charging allegations must be set forth in the amended complaint, so defendants

14    have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every

15    detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of

16    each claim.  See Fed. R. Civ. P. 8(a).

17    Any amended complaint must show the federal court has jurisdiction, the action is brought

18    in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

19    contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

20    personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

21    Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

22    of a constitutional right if he does an act, participates in another's act or omits to perform an act

23    he is legally required to do that causes the alleged deprivation).

24    In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

25    R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

26    R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

27    occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

28    ////

1    The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

2    1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

3    heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

4    84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

5    set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

6    N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

7    which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

8    An amended complaint must be complete in itself without reference to any prior pleading.

9    E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.

10   Any amended complaint should contain all of the allegations related to his claim in this action.  If

11   plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended

12   complaint.

13   By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

14   has evidentiary support for his allegations, and for violation of this rule the court may impose

15   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

16                                          **CONCLUSION**

17   1. Plaintiff states a potentially cognizable free exercise claim against defendant Covello

18   as set forth in Section III above.  The complaint does not contain any additional cognizable

19   claims.  Accordingly, plaintiff will have the option of proceeding with the complaint as screened

20   or filing an amended complaint.

21   2. Within twenty (20) days of the date of service of this order, plaintiff shall fill out and

22   return the attached form indicating how he would like to proceed in this action.

23   3. Plaintiff is warned that his failure to comply with this order will result in a

24   recommendation that this action be dismissed.

25   Dated:  May 11, 2022

26

27

28   DB:12
     DB/DB Prisoner Inbox/Civil Rights/S/nels2150.scrn2

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

6

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

JAMES D. NELSON,                                         No.  2:21-cv-2150 DB P

11

Plaintiff,

12

v.                                                PLAINTIFF'S NOTICE ON HOW TO
                                                           PROCEED

13

KATHLEEN ALLISON, et al.,

14

Defendants.

15

Check one:

16

17

_____    Plaintiff wants to proceed immediately on his free exercise claim against defendant

18

Covello.  Plaintiff understands that by going forward without amending the complaint he

19

is voluntarily dismissing the other claims and defendants.

20

21

_____    Plaintiff wants to amend the complaint.

22

23

DATED:_____

24

25

                                                      _____
                                                      James D. Nelson
                                                      Plaintiff pro se

26

27

28

7