1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES D. NELSON,                          No.  2:21-cv-2150 DAD DB P

12              Plaintiff,

13       v.                                     ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14   KATHLEEN ALLISON, et al.,

15              Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims that defendants violated his right to free exercise of religion.

19   Presently before the court are defendant's motion for judgment on the pleadings (ECF No. 34),

20   defendant's motion to stay discovery (ECF No. 35), as well as plaintiff's opposition to those

21   motions and motion to amend the complaint (ECF No. 38).  For the reasons set forth below, the

22   undersigned will recommend that the motion for judgment on the pleadings be granted, grant the

23   motion to stay discovery, and deny plaintiff's motion for leave to amend without prejudice.

24                    **MOTION FOR JUDGMENT ON THE PLEADINGS**

25   **I.       Defendant's Motion**

26          Defendant argues the motion for judgment on the pleadings should be granted because the

27   allegations in the complaint are insufficient to show that defendant placed a substantial burden on

28   plaintiff's religious liberties.  (ECF No. 34-1 at 3-6.)

II.     **Plaintiff's Opposition**

In his opposition, plaintiff requests that the court delay ruling on defendant's motion until after discovery so that plaintiff can obtain additional evidence to oppose the motion.  (ECF No. 38 at 2.)  He further states that defendant acted under color of state law and violated his right to free exercise of religion.  (Id. at 3.)

III.    **Legal Standards**

A.  **Motions for Judgment on the Pleadings under Rule 12(c)**

A motion for judgment on the pleadings pursuant to Rule 12(c) challenges the legal sufficiency of the opposing party's pleadings.  Westlands Water Dist. v. Bureau of Reclamation, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992).  Any party may move for judgment on the pleadings after the pleadings are closed but within such time as to not delay trial.  Fed. R. Civ. P. 12(c).

The standard for evaluating a motion for judgment on the pleadings is essentially the same as the standard applied to a Rule 12(b)(6) motion.  Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).  A motion for judgment on the pleadings should only be granted if, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party "'clearly establishes that no material issue of fact remains to be resolved and that he [or she] is entitled to judgment as a matter of law.'"  Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (1969)); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).

Conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.  (internal quotation marks and citations omitted).  "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to

////

2

relief.'"  Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Id.

Judgment on the pleadings is also proper when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory."  Balisteri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (in the context of a Rule 12(b)(6) motion).

If the motion for judgment on the pleadings is granted, leave to amend should be granted unless it is clear the complaint cannot be saved by amendment.  Jackson v. Barnes, 749 F.3d 755, 766-67 (9th Cir. 2014) (district court erred in granting judgment on the pleadings and not permitting amendment where it was not absolutely clear the deficiencies were not curable).

**B.  Free Exercise under the First Amendment**

"The right to exercise religion practices and beliefs does not terminate at the prison door," McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam) (citing O'Lone v. Shabazz, 482 U.S. 342 (1987); Bell v. Wolfish, 441 U.S. 520, 545 (1979)), "but a prisoner's right to free exercise of religion 'is necessarily limited by the fact of incarceration.'"  Jones v. Williams, 791 F.3d 1023, 1032 (9th Cir. 2015) (quoting Ward v. Walsh, 1 F.3d 873, 876 (9th Cir. 1993)).

To state a cognizable Free Exercise claim, an inmate must state facts showing that prison officials substantially burdened the practice of the prisoner's religion without any justification reasonably related to legitimate penological interests.  See O'Lone, 482 U.S. at 348-50 (applying the test set forth in Turner v. Safley, 482 U.S. 78 (1987)); Jones v. Williams, 791 F.3d 1023, 1031-33 (9th Cir. 2015); Shakur v. Schriro, 514 F.3d at 884-88.  A substantial burden is one which has a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs.  Jones, 791 F.3d at 1031.

**IV.    Analysis**

In the second amended complaint, plaintiff alleged that defendant "failed to announce Wiccan group worship to the prison population" on June 21, 2021.  (ECF No. 14 at 4.)  Defendant argues that undersigned determined the complaint alleged a potentially cognizable claim based on

3

1    (1) plaintiff's allegation that he was not able to celebrate Summer Solstice because defendant

2    failed to announce Wiccan Group Worship and (2) failure to announce religious services,

3    standing alone, is insufficient to show that a substantial burden was placed on plaintiff's religious

4    liberties.  (ECF No. 34-1 at 3-5.)  Plaintiff has not addressed defendant's arguments other than to

5    state that defendant violated his right to free exercise.  (ECF No. 38 at 3.)

6         Specifically, defendant cites <u>Rouser v. White</u>, 630 F. Supp. 2d 1165, 1182 (E.D. Cal.

7    2009)[1] stating that case "cannot be read to stand for the proposition that failing to announce alone

8    is sufficient" to state a claim because <u>Rouser</u> "holds that an allegation of failing to announce

9    religious services is one of many factors that should be considered in determining if a plaintiff has

10   made a prima facie showing of First Amendment violations."  (ECF No. 34-1 at 3.)  Defendant

11   further argues that in <u>Rouser</u>, the court identified several restrictions on religious rights, taken

12   together, rather than independently, showed a rights violation.  (<u>Id.</u> at 3-4.)

13        Defendant acknowledges that "there are no cases specifically interpreting a failure to

14   announce religious services."  (ECF No. 34-1 at 1.)  They cite <u>Sessing v. Beard</u>, No. 1:13-cv-

15   01684 LJO, 2015 WL 3953501, at *4 (E.D. Cal. June 29, 2015) in which that court determined it

16   was "unable to find that Plaintiff's exercise ha[d] been substantially burdened by either the failure

17   to construct exclusive Odinist worship grounds or the denial of access to the fire pit."

18        Defendant additionally argues that plaintiff has not alleged facts showing that defendant's

19   failure to announce religious services placed a substantial burden on his religious liberties.  (ECF

20   No. 34-1 at 5.)  They argue the complaint did not allege that plaintiff "asked any officers if he

21   could attend religious services" or that "he was prevented from attending."  (<u>Id.</u>)

22        Government action substantially burdens the exercise of religion when the action is

23   "oppressive to a significantly great extent."  <u>Int'l Church of Foursquare Gospel v. City of San</u>

24   <u>Leandro</u>, 673 F.3d 1059, 1067 (9th Cir. 2011) (citation and internal quotation marks omitted).

25   ////

26

27   _____

28   [1] The undersigned cited <u>Rouser</u>, in screening the complaint to support the conclusion that
     plaintiff's allegation that defendant's failure to announce Wiccan Group Worship violated his
     right to freely exercise his religion was sufficient to state a claim.  (ECF No. 15 at 4.)

4

"In the context of a prisoner's constitutional challenge to institutional policies, this court has held that a substantial burden occurs 'where the state . . . denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Hartmann v. Calif. Dept. of Corr. and Rehab., 707 F.3d 1114, 1124-25 (9th Cir. 2013) (citing Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005)); see also Int'l Church of Foursquare Gospel, 673 F.3d at 1067 ("That is, a 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise.") (quoting San Jose Christian College v. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004)).

The Ninth Circuit stated in Canell v. Lightner, 143 F.3d 1210, 1215 (9th Cir. 1998), that "relatively short-term and sporadic" intrusions "did not constitute substantial interference" with an inmate's free exercise of religion. Other courts, relying on Canell, have held that an isolated or sporadic interference does not substantially burden the free exercise of religion. See Brown v. Washington, 752 Fed. Appx. 402, 405 (9th Cir. 2018) (holding "a one-time set of circumstances amounting to no more than an unintentional interference" with the plaintiff's right to exercise his religious beliefs was an "isolated incident" insufficient "to constitute a substantial burden of plaintiff's religious beliefs"); Whitely v. CDCR, No. 2:16-cv-1534 KJM EFB P, 2019 WL 931835 at *4-5 (E.D. Cal. Feb. 26, 2019) (finding plaintiff's claim that he was denied access to religious services on one date did not amount to a substantial burden).

Under the standard set forth by the Ninth Circuit in Canell, plaintiff's allegation that defendant's failure to announce Wiccan group worship on one occasion, is not sufficient to show a substantial burden on his right to free exercise of religion. Accordingly, the undersigned will recommend that the motion for judgment on the pleadings be granted.

## V.      Leave to Amend

Courts have discretion to grant leave to amend in conjunction with motions made pursuant to Rule 12(c). Lonberg v. City of Riverside, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); Carmen v. S.F. Unified Sch. Dist., 982 F. Supp. 1396, 1401 (N.D. Cal. 1997). When dismissing a complaint, leave to amend should not be granted if doing so would be futile and the deficiencies

1   in the complaint could not be cured by amendment.  Reddy v. Litton Indus., 912 F.2d 291, 296

2   (9th Cir. 1990); Gomez v. Winslow, 177 F. Supp. 2d 977, 981 (C.D. Cal. 2001).  In light of Ninth

3   Circuit's holding in Canell, the undersigned finds that a one-time deprivation of participation in

4   religious worship services does not amount to a substantial burden on plaintiff's right to free

5   exercise of religion.  Accordingly, the undersigned will further recommend that the complaint be

6   dismissed without leave to amend.

7   **MOTION TO STAY DISCOVERY**

8   Defendant moves for a stay of discovery until such time as the instant motion for

9   judgment on the pleadings is resolved.  (ECF No. 35 at 3.)  In support of the motion defendant

10   argues that a stay should be granted because if the motion for judgment on the pleadings is

11   granted, it will dispose of the entire case and eliminate the need for discovery.

12   In his opposition, plaintiff requests that the court delay any decision on the motion both

13   the motion for judgment on the pleadings and the motion to stay discovery until after discovery

14   can be conducted.  (ECF No. 38 at 2.)  He also states that he "is a person with a disability" under

15   the Americans with Disabilities Act ("ADA") and has "serious Mental Illness that requires

16   treatment at the Enhanced Outpatient Program (EOP), level of care."  (Id.)

17   The Court has broad discretion to manage discovery.  Hallet v. Morgan, 296 F.3d 732,

18   751 (9th Cir. 2002).  Federal Rule of Civil Procedure 26(c)(1), provides that the court may, for

19   good cause, issue a protective order or stay of discovery if it determines such order will promote

20   efficiency.  Fed. R. Civ. P. 26(c); Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988).

21   Here, the court finds good cause to grant defendant's motion to stay discovery pending

22   resolution of the motion for judgment on the pleadings because the motion is potentially

23   dispositive.  Garraway v. Ciufo, No. 1:17-cv-0533 DAD GSA PC, 2019 WL 1438529, at *2 (E.D.

24   Cal. Apr. 1, 2019) (granting stay of discovery pending resolution of motion for judgment on the

25   pleadings); Consiglio v. Brown, No. 1:16-cv-1268 AWI SAB (PC), 2019 WL 2499785, at *2

26   (E.D. Cal. June 17, 2019) (stating defendants did not have to respond to plaintiff's discovery

27   requests until after resolution of defendants' potentially dispositive motion for judgment on the

28   pleadings).   Plaintiff is advised that if the findings and recommendations are rejected and

6

this case proceeds beyond the pleading stage, the court will provide the parties time to conduct merits-based discovery.

### MOTION TO AMEND

At the conclusion of his filing in response to defendant's motion for judgment on the pleadings and motion to stay discovery, plaintiff requests that the court grant his "motion for continuing and after Discovery leave to file His Amended Complaint."  (ECF No. 38 at 3.) Plaintiff has not provided the court with any additional information or arguments in support of his motion to amend.  As set forth above, the undersigned will recommend that the complaint be dismissed without leave to amend.  Because the undersigned has determined that the deficiencies in the complaint cannot be cured by amendment, it will also deny the motion to amend. However, if the district court declines to adopt these findings and recommendations, plaintiff may file a renewed motion to amend.

### CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to amend (ECF No. 38) is denied without prejudice;

2.  Defendant's motion for a stay of discovery pending resolution of the motion for judgment on the pleadings (ECF No. 35) is granted.  The discovery deadlines set forth in the March 16, 2023, discovery and scheduling order (ECF No. 33) are vacated.  Should the district court decline to adopt these findings and recommendations, the court will issue an amended discovery and scheduling order setting forth new deadlines.

IT IS HEREBY RECOMMENDED that defendant's motion for judgment on the pleadings (ECF No. 34) be granted and the operative complaint be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

7

specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 9, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/nels2150.stay.disc+judg.plead