UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. NELSON, | No. 2:21-cv-2150 DAD DB P |
| Plaintiff, | |
| v. | ORDER |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated his right to free exercise of religion. Presently before the court is plaintiff's motion to strike his consent to magistrate jurisdiction (ECF No. 44) and defendant's motion to strike plaintiff's objections to defendant's reply to plaintiff's opposition (ECF No. 45).

**I.      Plaintiff's Motion to Strike**

Plaintiff alleges that the Deputy Attorney General representing defendant "demonstrate abuse of process in the presence of [the undersigned] and the [United States District Judge assigned to this action] and has perverted the Administration of Justice therefore being in Contempt." (ECF No. 44 at 2.)

Plaintiff states that counsel for defendant filed a notice of appearance on December 19, 2022, and filed several documents thereafter. (Id. at 2-3.) Plaintiff further states that counsel

1

filed a document indicating that they declined to consent to magistrate jurisdiction on June 15, 2023. Plaintiff states that the document reflects that it "shall be completed and returned to the court within 30 days." (Id. at 3.) He argues that because the form was not submitted within thirty days, counsel consented to magistrate jurisdiction by failing to act. (Id. at 3-4.) Plaintiff further argues that counsel and defendant are in contempt of the court and have violated plaintiff's right to Equal Protect and Due Process. (Id. at 4.)

The Ninth Circuit recently held that a pro se litigant in a challenge to the denial of his claim for disability benefits by the Social Security Administration, "knowingly and voluntarily consented to magistrate judge jurisdiction by failing to return the form that notified him of his rights and by thereafter proceeding with the litigation before the magistrate judge." Washington v. Kijakazi, 72 F.4th 1029, 1033 (9th Cir. 2023). In Washington a form was issued to defendant which stated that "if the declination-of-consent form is not signed and returned before the start date" the party would be deemed to have "knowingly, and voluntarily, consented to proceed before the assigned Magistrate Judge." Id. at 1035.

In this district magistrate judges conduct pretrial dispositive and nondispositive motions pursuant to Local Rule 302(17). Additionally, Appendix A subsection (k) of the Local Rules, states that prisoner civil rights cases are "randomly assigned to a Magistrate Judge only" and the parties are "given notice of their right to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636(c)." If the forms have not been returned within thirty days, "the parties may be ordered to show cause why the forms have not been returned to the Clerk." Eastern District of California Local Rules, Appendix A, Subsection (k)(2).

The "Consent to Assignment or Request for Reassignment" form was issued concurrently with the summons on June 21, 2022. (ECF No. 19.) Counsel for defendant filed a notice of appearance on December 19, 2022. (ECF No. 28.) Here, the undersigned did not issue a show cause order directing counsel for defendant to submit a completed "Consent to Assignment or Request for Reassignment" form. Defendant filed the completed form on June 15, 2023. (ECF No. 39.) The following day, defendant filed a reply in support of the motion for judgment on the pleadings. (ECF No. 41.) Because defendant was not ordered to show cause or advised that

failure to return the completed form would be construed as implied consent, the undersigned declines to find that defendant impliedly consented to magistrate jurisdiction. Further, the court finds no basis to conclude that defendant should be found to be in contempt.

The court also notes that plaintiff requested extension of discovery deadline as relief for defendant's late filing of the form. However, the July 10, 2023, findings and recommendations vacated the discovery deadlines. (ECF No. 42.) Accordingly, plaintiff's requested relief is now moot.

### II.     Defendant's Motion to Strike

Defendants have filed a motion to strike plaintiff's objections to defendant's reply in support of the motion for summary judgment. (ECF No. 45.) In support of their motion, defendant argues that the Local Rules do not provide for the filing of multiple oppositions. (Id. at 1.) Pursuant to Local Rule 230(l) a motion shall be deemed submitted when a reply is filed or when the time to file a reply has expired. Defendant argues that plaintiff's filing is improper and should be stricken. (Id. at 2.)

Plaintiff's objections to defendant's reply was entered on the docket on July 12, 2023. (ECF No. 43.) The findings and recommendations were issued on July 10, 2023. (ECF No. 42.) Thus, the matter was resolved without review of plaintiff's objections. Accordingly, the undersigned will deny defendant's motion to strike as moot.

### III.    Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to strike (ECF No. 44) is denied.

2. Defendant's motion to strike (ECF No. 45) is denied as moot.

Dated: August 10, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/nels2150.strike